IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIETH JOHNSON, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| vs. | )   Case No. 24-cv-1112-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|       Respondent. | ) |

**ORDER**

**DUGAN, District Judge:**

On April 15, 2024, Petitioner Kieth Johnson filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1). The Motion survived preliminary review under Rule 4 of the Federal Rules Governing §2255 cases. In response, the Government filed its Motion to Dismiss Petitioner's 2255 As Untimely. (Doc. 3). ("Motion to Dismiss") Johnson did not respond to the Motion to Dismiss. On July 15, 2024, the Government filed its Motion to Stay pending the Court ruling on its Motion to Dismiss. (Doc. 4). On the same day, the Court granted the Motion to Stay. (Doc. 5) This matter is now before the Court for consideration of the Motion to Dismiss.

I. Background

On November 17, 2021, a single-count indictment was returned charging Johnson with violation of 18 U.S.C. § 922(g)(1). *See United States v. Johnson*, No. 21-CR-30176-DWD,

at R. 1.[1]  It alleges that Johnson was previously convicted of a felony, specifically Possession of a Firearm by a Prohibited Person, and that he knew he had been convicted of such a crime. *Id.* With the benefit of a plea agreement, Johnson entered a plea of guilty to the indictment on August 23, 2022.  R. 34.  Johnson was sentenced on December 20, 2022, to 82 months imprisonment which represents a downward variance from his guideline sentence of 110 to 137 (effective range of 110-120) months imprisonment. R. 48. Johnson did not file a direct appeal of his sentence or conviction. (Doc. 1, p. 4-5). [2]

Now, Johnson claims in his Motion to Vacate, Set Aside or Correct Sentence that he was denied effective assistance of counsel because (1) "counsel never advised the movant that the Supreme Court had changed the law pertaining to the Second Amendment before sentencing"; and (2) for "violation of Second Amendment Constitutional rights". Doc. 1, pg. 5.

## II. Discussion

Under § 2255(a), the Court will grant the "extraordinary remedy" of vacating, setting aside, or correcting Petitioner's sentence only if he shows it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a);

---

[1] "Doc." is a reference to the record in this matter. "R." refers to the record in the underlying criminal matter, *United States v. Johnson*, No. 21-CR-30176-DWD
[2] Johnson did not mark either the "yes" box or the "no" box adjacent to the item 8 on Form AO 243 (Motion under 28 U.S.C. §2255) "Did you appeal from the judgment of conviction?". However, the record in 21-CR-30176 confirms that no direct appeal from his judgment of conviction.

*Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Notably, a hearing on such matters is not necessary when "the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Taylor*, 605 F.Supp.3d 1079, 1081 (N.D. Ill. Jun. 1, 2022). The undersigned, as the District Judge who presided over Petitioner's underlying criminal case, "is uniquely suited to determine if a hearing is necessary." *See Taylor*, 605 F. Supp. 3d at 1081 (quoting *Rodriguez v. United States*, 286 F.3d 972, 987 (7th Cir. 2002)), as amended on denial of reh'g and reh'g en banc (7th Cir. 2002) (cleaned up).

As a substantive matter, the Sixth Amendment to the United States Constitution grants criminal defendants the right to the effective assistance of counsel. *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009) (citing *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009)). Under *Strickland*, the petitioner must prove: (1) that his attorney's performance fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007). "Both components of the test must be satisfied; 'the lack of either is fatal.'" *Clay v. United States*, 311 F.Supp.3d 911, 918 (N.D. Ill. Apr. 19, 2018) (quoting *Edmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996)).

During this inquiry, it is presumed that a petitioner's counsel was "reasonably proficient." *Galbraith v. United States*, 313 F.3d 1001, 1008 (7th Cir. 2002); *see also Wyatt v United States*, 574 F.3d 455, 458 (7th Cir. 2009) ("[A] movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance.'"); *Clay*, 311 F.Supp.3d at 919 ("The central question in this analysis is not whether counsel's conduct deviated from best practices or most common custom, but instead, whether an attorney's representation amounted to incompetence under prevailing professional norms.") (cleaned up). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 446 U.S. 668, 686 (1984). Put another way, in order to establish counsel's performance was deficient, the defendant must show errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006). "Counsel's representation need not be perfect, indeed not even good, to be constitutionally adequate." *Anderson v. United States*, 94 F.4th 564, 581 (7th Cir. 2024). Moreover, on the question of prejudice, Petitioner must prove there was a reasonable probability that, absent counsel's objectively unreasonable or deficient performance, he would have insisted on proceeding to trial rather than plead guilty. *See Wyatt*, 574 F.3d at 458 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *Galbraith*, 313 F.3d at 1008 (citing *Tezak v. United States*, 256 F.3d 702, 712 (7th Cir. 2001); *United States v. Jordan*, 870 F.2d 1310, 1318 (7th Cir. 1989)); *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002).

However, before addressing either of Johnson's claims on their merit, the Court will first address the Government's Motion to Dismiss.

**A. Government's Motion to Dismiss – Untimeliness of Johnson's Motion**

The Government argues that Johnson's Motion is untimely by a period of four months. (Doc 3, pg. 4). It claims too that Johnson recognizes that his Motion is untimely and this is evident from his motion at item 18. (Doc. 1, pg. 22) There he explains he "fell ill with severe kidney failure unable to engage in the ability to research or file any motion" and that he "was unable to do his own due diligence due to medical [and] health issues." (Doc. 1, pg. 22).   .

Johnson brings his Motion pursuant to §2255(a) which provides:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 USCA § 2255

But the right to bring a motion under this section is not unlimited. It must be timely made:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)

The Judgment was entered in the criminal matter on December 20, 2022, and he did not file a notice of appeal. *See* Fed. Rule. App. Proc. Rule 4 (b)(1)(A). 14 days after the Judgment was entered it became final. Here it became final on January 4, 2023. Accordingly, Johnson was required to file his motion no later than January 4, 2024. However, he did not file his motion until April 15, 2024, more than four months late. So, under 2255(f)(1), his petition appears untimely.

Section 2255(f)(2), however, provides for a tolling of the limitation during that time government action serves to unconstitutionally impede a petitioner's filing of his petition. Here, Johnson points to no such governmentally sponsored impediment and the record does not reflect any impediment. This section provides him with no quarter.

Section 2255(f)(3) provides for a potentially retroactive extension of the limitations period where the right asserted by the petitioner is a right initially recognized by the United States Supreme Court if that right is newly recognized and made retroactive to cases on collateral review. Although not entirely clear (Johnson made no effort to add clarity by responding to the Government's Motion to Dismiss), Johnson points to the matter of *New York State Rifle & Pistol Association, Inc. v. Bruen,* 597 U.S. 1 (U.S., 2022). He

contends the "Supreme Court had changed the law pertaining to the Second Amendment before sentencing." (Doc. 1, pg.16.) He then claims that he was "without the assistance of Counsel to weigh all options with understanding of what these options carr[y]" *Id.* To the extent that he believes *Bruen* provides a basis for extending the period of limitation to file his motion, he is misguided. As the Government points out, *Bruen* was decided on June 23, 2022. This means that if 2255(f)(3) is to apply at all, Johnson would have needed to file his petition no later than June 23, 2023. His Motion was filed on April 15, 2024. By that calculation, he was more than 10 months late with his filing of the Motion.

If Johnson is also relying on the Supreme Court's *Rahimi* decision, his Motion fares no better. In *United States v. Rahimi*, 144 S.Ct. 1889, 602 U.S. 680 (U.S., 2024) the Court considered 18 U.S.C. 922(g)(8), not 922(g)(1), the statute under which Johnson was charged and to which he pled guilty. Section 922(g)(8) prohibits possession of firearms by those subject to a domestic violence order. *Rahimi* did not directly touch upon the constitutionality of prohibition on firearm possession by felons as proscribed by 922(g)(1). Nevertheless, the Supreme Court did note that "prohibitions on the possession of firearms by 'felons and the mentally ill' are 'presumptively lawful.' 554 U.S. at 626, 627, n. 26. Thus, the *Rahimi* decision did not find 18 U.S.C. 922(g)(1) unconstitutional but rather it suggests that it presumptively lawful. As such, *Rahimi* is no help to Johnson.

The final basis for an extension of the limitations period is 2255(f)(4). There, the one-year limitations period begins from "the date on which the *facts* supporting the claim or claims presented could have been discovered through the exercise of due diligence." (emphasis added). Johnson offers no newly discovered facts, nor does he offer argument

7

for or evidence of his due diligence. He does not allege the date or the means by which he came to learn of the *Bruen* decision. True, he does allude to having "a low I.Q" but does not offer anything to substantiate or quantify the level of his mental acuity. Otherwise, he makes only the threadbare claim that "counsel failed to advise the movant of the Court's decision" in *Bruen*. (Doc. 1, pg. 22) The Government argues in essence that he discovered not new facts, but rather a new theory from a new legal decision. However, § 2255(f)(4) "is not triggered when a petitioner discovers or understands a new legal decision or theory." *United States v. Hayes*, No. 19 C 50104, 2020 WL 2112367 at *2 See also, *Hanson v. United States*, 2018 WL 264110, at *2 (S.D.Ill., 2018) ("That provision triggers the one-year limitation period only when a new fact is discovered or could have been discovered, not when a new legal decision is discovered by a petitioner or when a defendant realizes the legal significance of the facts")

At best, Johnson is hopeful that *Bruen* brings to his aid a new legal theory to defeat the indictment and his conviction. But whatever new theory Johnson believes *Bruen* brings, his discovery of the existence or import of that decision does not start the running the one-year statute of limitation later than the day the judgment became final. By the time he filed his Motion, it was already beyond one-year from the date of the judgment and, therefore, untimely.

B.  **Government's Motion to Dismiss – Equitable Tolling**

Johnson does not specifically raise the issue of equitable tolling, but he does indicate in his Motion that he has a "low I.Q." and has been "extremely ill" with "severe

kidney failure [and] unable to engage in the ability to research or file any motion in regards to counsel informing or responding to Bruen". (Doc. 1, pgs. 9, 10).

"Equitable tolling—a court's decision to toll some period of time to allow a petitioner to overcome an otherwise breached limitations period—is an exceptional remedy available to a habeas petitioner who shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Taylor v. Michael*, 724 F.3d 806, 810 (C.A.7 (Ill.),2013) citing *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (internal quotation marks omitted); accord *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Habeas Petitioners bear the burden of proving that they qualify for equitable tolling. *Ray v. Clements*, 700 F.3d 993, 1007 (7th Cir.2012)

Johnson offers nothing to demonstrate that he was pursuing his rights diligently. He provides no time frame for his illness, the frequency of treatments or what unsuccessful efforts he made to file his Motion. Likewise, he does not suggest how his illness was so pervasive and debilitating that he could not overcome the barrier it posed to his efforts to file a timely habeas petition. On the other hand, the Government points to his activities during the period of time at issue and provides evidence of Johnson's substantial course work activities during this same time period. (Doc. 3-1) It appears that Johnson engaged in a number of Education Courses through Springfield USMCFP between July, 2023 and June, 2024. According to his Inmate Education Data Transcript, he spent over 200 hours in pursuing his course work during that time period.

The Government argues that Johnson's claim that he was too ill to conduct research and that this accounts for his delay in filing is undercut by his extensive participation in demanding programs during the same time period. (Doc. 3, pgs. 10-11). Despite his opportunity to do so, Johnson did not respond to either the Motion to Dismiss or object to his Transcript. So, while commendable, Johnson's participation in numerous programs that required significant effort does seem to suggest that neither his illness nor his "low I.Q." was a barrier of the extraordinary dimension that calls for equitable tolling of the limitations period. See *Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Circ., 2018)("So although Mayberry's mental limitations undoubtedly made filing a petition for habeas corpus difficult, the district court did not abuse its discretion by concluding that he failed to show how those difficulties affected him during the relevant time period to such an extent that he qualifies for the extraordinary remedy of equitable tolling."). So, to the extent that Johnson contends equitable tolling should apply, his argument fails.

### III.   CONCLUSION

For the reasons explained above, the Court finds that Johnson is entitled to no relief on his Petition. Accordingly, Benny Johnson's request to vacate, set aside, or correct his sentence under § 2255 is **DENIED** without a hearing. *See United States v. Taylor*, 605 F.Supp.3d 1079, 1081 (N.D. Ill. June 1, 2022). The district court need not hold an evidentiary hearing for vague or conclusory allegations. *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). Rather, a hearing is warranted when a petitioner alleges facts, which if proven, would entitle him to relief." *Id.*

The case is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

Rule 11(a) of the Rules Governing § 2255 Cases in the U.S. District Courts requires the issuance or denial of a certificate of appealability when a final order is entered against an applicant. Such a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke*, 542 U.S. 274, 281 (2004); citing *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008)); *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court **FINDS** the alleged grounds for relief lack merit, and reasonable jurists would not find that conclusion debatable or wrong. Since Petitioner has not made a "substantial showing of the denial of a constitutional right," the Court **DECLINES** to issue a certificate of appealability.

**SO ORDERED.**

Dated: January 30, 2026

/s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge